**SUN OIL COMPANY, Appellant,**

v.

**EMPLOYERS CASUALTY COMPANY and Employers National Insurance Company, Appellees.**

**No. 19158.**

Court of Civil Appeals of Texas, Dallas.

March 31, 1977.

Jack K. Dahlberg, Jr., Law Offices of Guy Allison, Corpus Christi, for appellant.

Royal H. Brin, Jr., Strasburger & Price, Dallas, for appellees.

ROBERTSON, Justice.

Sun Oil Company, appellant herein, sued Employers Casualty Company and Employers National Insurance Company, appellees, seeking indemnity for sums expended in settlement of a tort action brought against it for the death of an employee of Charles R. Merrill, d/b/a Merrill Lease Service, an insured of appellees. The insurers moved for summary judgment, contending that no cause of action lay against them until a final judgment had been rendered against

their insured. The trial court granted the motion, and Sun Oil appeals. We affirm.

On August 8, 1972, appellant, Sun Oil, and Merrill entered into a written contract whereby Merrill was to perform services on properties owned or leased by appellant. Merrill agreed to indemnify and hold appellant harmless from any liabilities concerning the performance of work under the agreement and purchased insurance from appellees. Subsequently, an employee of Merrill died from injuries received on the job, and his heirs and beneficiaries sued appellant. After entering into a settlement for $607,500 with those heirs and beneficiaries, appellant sued Merrill under the indemnity clause of the contract. That suit is pending in San Patricio County.

Appellant also filed this action directly against the primary and excess liability insurers of Merrill and alleges that it is a third-party beneficiary of the insurance policy issued to Merrill. As such, appellant contends that it has a present cause of action against both Merrill and his insurers for indemnification of the loss sustained by the settlement described above. Alternatively, appellant asserts that even if no present cause of action lies against the insurers, the trial court should have abated the cause instead of rendering judgment. We cannot agree with either of these contentions.

■ Despite appellant's assertions, we need not decide the general question of whether it was a third-party beneficiary under the contract. We need only decide whether, as a matter of law, appellant has any enforceable third-party rights at the present time. The right of a third-party beneficiary to enforce a contract is a question of substantive law, *Cumis Insurance Society, Inc. v. Republic National Bank,* 480 S.W.2d 762, 769 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.), and even if the policy were deemed to inure to the benefit of an injured third-party, that would not automatically entitle appellant to enforce its provisions at this time.

■ Third-party beneficiary status hinges on determining whether the claiming party is a donee beneficiary or a creditor beneficiary. Incidental beneficiaries have no enforceable rights. *Republic National Bank v. National Bankers Life Ins. Co.,* 427 S.W.2d 76 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); Restatement of Contracts §§ 133, 147 (1932); 4 Corbin, Contracts §§ 774, 779 (1951); 2 Williston, Contracts § 356 (3d ed. 1959). Although the distinctions between these categories are often unclear, it is generally recognized that if performance of a promise would satisfy a duty owed by the promisee to the third party and no intention to make a gift appears, the third party is a creditor beneficiary. *Cumis Insurance Society, Inc. v. Republic National Bank,* 480 S.W.2d 762, 767 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); Restatement, *supra* § 133; Corbin, *supra* § 787; Williston, *supra* § 361. In the present case, appellant apparently asserts its status as some form of creditor beneficiary, claiming that the insurers' performance of their agreement would satisfy the contractual duties of Merrill.

■ The basic flaw in this argument is that there is no present duty owed to appellant by Merrill. The existence of that duty is being litigated in a separate lawsuit, and until that obligation is established by final judgment, appellant has no standing to sue the insurers as a third-party beneficiary. *Great American Ins. Co. v. Murray,* 437 S.W.2d 264, 265 (Tex.1969); *Seaton v. Pickens,* 126 Tex. 271, 87 S.W.2d 709, 710 (1935); *Moxon v. Ray,* 125 Tex. 24, 81 S.W.2d 488, 489 (1935); *Morris v. Allstate Ins. Co.,* 523 S.W.2d 299 (Tex.Civ.App.—Texarkana 1975, no writ). In other words, if appellant has any third-party rights under the policy, its rights arise when Merrill's liability for indemnity is established. The policy does not impose primary liability on the insurer; rather it provides indemnification against the liability of the insured. Only after this liability is established by a final judgment does the duty arise which binds the insurer to indemnify. *Hutcheson v. Estate of Se'Christ,* 459 S.W.2d 495 (Tex.Civ.App.—Amarillo 1970, writ ref'd). Therefore, we do not hold that appellant can never recov-

er under the theories advanced here. We merely conclude that, at the present time, no cause of action lies against these insurers. Our judgment is thus not res judicata on any future claims based upon a later adjudication of Merrill's liability.

 There is no indication in the record that appellant urged his alternative theory of abatement in the trial court. A party who seeks abatement because of a pending prior action must seasonably allege and prove the facts authorizing that action. *Continental Oil Co. v. P. P. G. Industries,* 504 S.W.2d 616 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). Since appellant did not preserve this point below, it may not be urged as error here.

Accordingly, the judgment of the trial court is affirmed.