

# THE ATTORNEY GENERAL
# OF TEXAS

March 24, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Larry R. Soward
Executive Director
Texas Water Commission
P. O. Box 13087
Austin, Texas    78711

Opinion No. JM-653

Re: Whether the Texas Water Commission may adopt a federal rule which would permit the use of a corporate guarantor for liability coverage of an owner or operator of a hazardous waste, treatment, storage and disposal facility

Dear Mr. Soward:

The United States Environmental Protection Agency recently promulgated an interim final rule which amends the financial responsibility requirements for liability coverage for owners and operators of hazardous waste treatment, storage, and disposal facilities. See 40 C.F.R. §264.151(h)(2) (1986). Owners and operators of hazardous waste facilities have encountered difficulty in obtaining the liability insurance necessary to comply with federal and state liability coverage requirements for hazardous waste facilities. The new federal rule allows the use of a parent corporate guarantee as an alternative to liability insurance to comply with third party liability requirements for hazardous waste facilities. See 40 C.F.R. §§264.147(g), 265.147(g) (1986). The corporate guarantee must track the language specified in the federal regulations. See 40 C.F.R. §264.151(h)(2).

You indicate that the Texas Water Commission has adopted most of the relevant federal regulations by reference as part of the Texas Industrial Solid Waste Rules. You would like to utilize the provision which authorizes the use of corporate guarantees. Because the corporate guarantee is to be interpreted and enforced in accord with the laws of the state in which the guarantor is incorporated, the new rule requires a written statement from each state's Attorney General or Insurance Commission attesting that the corporate guarantee required by the rule is a legally valid and enforceable obligation. See 40 C.F.R. §264.147(g)(2). The Texas Insurance Commission indicated that it lacks statutory authority to respond to your request. Additionally, because the corporate guarantee at issue here must be provided by a parent corporation of the owner or operator of the covered hazardous waste facility, in the usual case the guarantor will not be "in the business" of acting as guarantor. Consequently, such a corporate guarantee would not constitute an unauthorized

insurance business. <u>See</u> Tex. Ins. Code art. 1.14-1, §2(a)(2). The Texas Attorney General is authorized to provide written legal advice to the heads of state agencies. <u>See</u> V.T.C.S. art. 4399. Accordingly, you ask whether the corporate guarantee required by the federal regulations is legally enforceable in Texas.

As indicated, the corporate guarantee about which you inquire must track the language specified in the federal regulations. <u>See</u> 40 C.F.R. §264.151(h)(2). This provision requires:

> A corporate guarantee, as specified in §264.147(g) or §265.147(g) of this Chapter, must be worded as follows, except that instructions in brackets are to be replaced with the relevant information and the brackets deleted:
>
> CORPORATE GUARANTEE FOR LIABILITY COVERAGE
>
> Guarantee made this [date] by [name of guaranteeing entity], a business corporation organized under the laws of the State of [insert name of State], herein referred to as guarantor, on behalf of our subsidiary [owner or operator] of [business address], <u>to any and all third parties who have sustained or may sustain bodily injury or property damage caused by [sudden and/or nonsudden] accidental occurrences arising from operation of the facility(ies) covered by this guarantee</u>. (Emphasis added).
>
> Recitals.
>
> 1. Guarantor meets or exceeds the financial test criteria and agrees to comply with the reporting requirements for guarantors as specified in 40 CFR 264.147(g) and 265.147(g).
>
> 2. [Owner or operator] owns or operates the following hazardous waste management facility(ies) covered by this guarantee: [List for each facility: EPA Identification Number, name, and address.] This corporate guarantee satisfies RCRA third-party liability requirements for [insert "sudden" or "nonsudden" or "both sudden and nonsudden"] accidental occurrences in above-named owner or operator facilities for [insert dollar amount] of coverage.
>
> 3. For value received from [owner or operator], guarantor guarantees to any and all third parties who have sustained or may sustain

L

bodily injury or property damage caused by [sudden and/or nonsudden] accidental occurrences arising from operations of the facility(ies) covered by this guarantee that in the event that [owner or operator] fails to satisfy a judgment or award based on a determination of liability for bodily injury or property damage to third parties caused by [sudden and/or nonsudden] accidental occurrences, arising from the operation of the above-named facilities, or fails to pay an amount agreed to in settlement of a claim arising from or alleged to arise from such injury or damage, the guarantor will satisfy such judgment(s), award(s), or settlement agreement(s) up to the limits of coverage identified above.

4. Guarantor agrees that if, at the end of any fiscal year before termination of this guarantee, the guarantor fails to meet the financial test criteria, guarantor shall send within 90 days, by certified mail, notice to the EPA Regional Administrator(s) for the Region(s) in which the facility(ies) is (are) located and to [owner or operator] that he intends to provide alternate liability coverage as specified in 40 CFR 264.147 and 265.147, as applicable, in the name of [owner or operator]. Within 120 days after the end of such fiscal year, the guarantor shall establish such liability coverage unless [owner or operator] has done so.

5. The guarantor agrees to notify the EPA Regional Administrator by certified mail of a voluntary or involuntary proceeding under Title 11 (Bankruptcy), U.S. Code, naming guarantor as debtor, within 10 days after commencement of the proceeding.

6. Guarantor agrees that within 30 days after being notified by an EPA Regional Administrator of a determination that guarantor no longer meets the financial test criteria or that he is disallowed from continuing as a guarantor, he shall establish alternate liability coverage as specified in 40 CFR 264.147 or 265.147 in the name of [owner or operator], unless [owner or operator] has done so.

7. Guarantor reserves the right to modify this agreement to take into account amendment or modification of the liability requirements set by 40 CFR 264.147 and 265.147, provided that such modification shall become effective only if a Regional Administrator does not disapprove the modification within 30 days of receipt of notification of the modification.

8. Guarantor agrees to remain bound under this guarantee for so long as [owner or operator] must comply with the applicable requirements of 40 CFR 264.147 and 265.147 for the above-listed facility(ies), except as provided in paragraph 9 of this agreement.

9. Guarantor may terminate this guarantee by sending notice by certified mail to the EPA Regional Administrator(s) for the Region(s) in which the facility(ies) is (are) located and to [owner or operator], provided that this guarantee may not be terminated unless and until [the owner or operator] obtains, and the EPA Regional Administrator(s) approve(s) alternate liability coverage complying with 40 CFR 264.147 and/or 265.147.

10. This guarantee is to be interpreted and enforced in accordance with the laws of [State of incorporation of guarantor].

11. Guarantor hereby expressly waives notice of acceptance of this guarantee by any party.

I hereby certify that the wording of this guarantee is identical to the wording specified in 40 CFR 264.151(h)(2).

Effective date: _____

[Name of guarantor]
[Authorized signature for guarantor]
[Name of person signing]
[Title of person signing]
Signature of witness or notary: _____

The corporate guarantee required by the federal regulations is a contract between the owner or operator of a hazardous waste facility and the parent corporation of the owner or operator guaranteeing that the parent will pay claims by third parties for bodily injury or property damage arising from accidental occurrences at the owner or operator's hazardous waste facility. Such third party beneficiary

contracts do not ordinarily change the degree of care that the law imposes. See Stafford v. Thornton, 420 S.W.2d 153, 158 (Tex. Civ. App. - Amarillo 1967, writ ref'd n.r.e.); see also Clearwater Constructors, Inc. v. Gutierrez, 626 S.W.2d 789, 793 (Tex. Civ. App. - San Antonio 1981, no writ); Sun Oil Co. v. Employers Casualty Co., 550 S.W.2d 348, 349 (Tex. Civ. App. - Dallas 1977, no writ). The general duty of care owed to the public is governed by tort law. Sinko v. City of San Antonio, 702 S.W.2d 201, 208 (Tex. App. - San Antonio 1985, no writ). A corporate guarantee such as the one required by section 264.151(h)(2) simply imposes a degree of contractual liability on a party who might not otherwise be liable.

As a general rule, privity of contract must be established to recover on a contract action. A third party can, however, recover under a contract with a showing that the contract is made for the third party's benefit, i.e., that the parties to the contract intend that the third party benefit from the contract. See Corpus Christi Bank & Trust v. Smith, 525 S.W.2d 501, 503-04 (Tex. 1975). Whether the contracting parties intend to benefit a third party is a matter to be determined from the contract as a whole, in light of the circumstances under which the contract is made. Citizens National Bank in Abilene v. Texas & P. Railway Co., 150 S.W.2d 1003, 1006 (Tex. 1941). If the provisions of a contract are not ambiguous, the question of whether the contract benefits a third party is a question of law to be determined from the contract alone. Standard Accident Insurance Co. v. Blythe, 107 S.W.2d 880, 883 (Tex. 1937); see also Sun Oil Co. v. Employers Casualty Co., 550 S.W.2d at 349 (right of third party beneficiary to enforce contract is question of substantive law).

A corporate guarantee contract which tracks this quoted language can be deemed, as a matter of law, to intend to benefit a third party. The quoted language expressly benefits

> any and all third parties who have sustained or may sustain bodily injury or property damage caused by . . . accidental occurrences arising from operation of the facility(ies) covered by this guarantee.

40 C.F.R. §264.151(h)(2). This language is not ambiguous. A contract which benefits a third party need not expressly name the third party so long as the third party is sufficiently designated or described. See Knox v. Ball, 191 S.W.2d 17, 23 (Tex. 1945); see also James Stewart & Co. v. Law, 228 S.W.2d 601, 605 (Tex. Civ. App. - Waco 1950), aff'd, 233 S.W.2d 558 (Tex. 1950).

Establishing third-party beneficiary status also depends on whether the claiming party is either a "donee" or "creditor" beneficiary rather than an "incidental" beneficiary. Sun Oil Co. v. Employers Casualty Co., 550 S.W.2d at 349. If performance of a promise would satisfy a duty owed by the promisee to the third party, the third party is a creditor beneficiary. Id. The purpose for the

financial responsibility requirements for hazardous waste facilities is to provide a method for the payment of claims of liability for bodily injury or property damage caused by accidental occurrences arising from operation of hazardous waste facilities. The owners and operators of hazardous waste facilities owe a duty of care not to cause bodily injury and property damage through the operation of hazardous waste facilities. Consequently, this form of corporate guarantee creates a third party "creditor" beneficiary contract which can be enforced in Texas. It should be noted, however, that establishing a particular third party claim upon such a guarantee depends upon an initial determination of liability in a particular case against the owner or operator of the hazardous waste facility in question. See Sun Oil Co. v. Employers Casualty Co., supra. Additionally, before a particular corporate guarantee contract may be enforced, all of the elements necessary to create a contract must exist.

## S U M M A R Y

A corporate guarantee which is executed to comply with the third party liability requirements for hazardous waste facilities and which tracks the language of the corporate guarantee set forth in section 264.151(h)(2) of Title 40 of the Code of Federal Regulations creates a third party "creditor" beneficiary contract which can be enforced in Texas. Establishing a particular third party claim upon the guarantee depends upon an initial determination of liability against the hazardous waste facility in question and upon the performance of all of the basic elements necessary to create a contract.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General