**ANGUS CHEMICAL COMPANY,**
**Petitioner,**

v.

**IMC FERTILIZER, INC. and IMC**
**Fertilizer Group, Inc.,**
**Respondents.**

**No. 96–0743.**

Supreme Court of Texas.

Jan. 10, 1997.

Rehearing Overruled March 21, 1997.

Joseph D. Cheavens, Jane A. (Nenninger) Bland, Houston, Stephen Novack, Chicago, IL, for Petitioner.

Mark E. Lowes, Houston, William A. Brewer, III, Michael J. Collins, Dallas, for Respondents.

PER CURIAM.

In Texas, the general rule (with exceptions not relevant here) is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment. *Great American Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex.1969). If the general rule applies, a release of the tortfeasor that precludes a final determination of liability by agreement or judgment therefore precludes the releasing party from suing the tortfeasor's insurer. *See Pool v. Durish*, 848 S.W.2d 722, 723 (Tex.App.—Austin 1992, writ denied). But is the insurer actually released from liability or only shielded from suit in Texas and other jurisdictions that follow the same rule? Does a release of

claims against the insured have the effect, under Texas law, of precluding the insurer from being sued on the same claims in a jurisdiction like Louisiana that allows direct actions against insurers without a prior determination of the insured's liability? The district court answered this last question no. The court of appeals disagreed. 925 S.W.2d 355. We agree with the district court.

A nitroparaffin plant owned by Angus Chemical Company and managed by IMC Fertilizer Group, Inc. exploded, killing eight people, injuring many others, and destroying the plant. Although the plant was located in Louisiana, many of the injured people sued Angus, IMC, and others in Houston. Angus cross-claimed against IMC to recover property damages and reimbursement of claims paid to third parties. After the plaintiffs settled, Angus and IMC settled, agreeing to a $220 million judgment for Angus against IMC, which IMC could satisfy by paying Angus $180 million over three years. In turn, Angus released IMC from all claims arising out of the explosion except, among others, indemnity and contribution for third party claims against Angus in Louisiana and elsewhere. The release did not name IMC's insurers as parties being released.

Three weeks after the release was signed and the day before the agreed judgment was rendered, Angus sued IMC's insurers in Louisiana for damages not reimbursed by IMC in the settlement. IMC then filed this action against Angus for a declaration that Angus' release of IMC also released IMC's insurers. Angus counterclaimed for recovery of damages relating to the third-party claims that had been carved out of the settlement. Angus and IMC each moved for summary judgment on the effect of the release. The district court granted Angus' motion, denied IMC's motion, and severed its ruling from the remainder of the case, thereby making them final. The court of appeals reversed. 925 S.W.2d 355.

In this State, "[u]nless a party is named in a release, he is not released." *McMillen v. Klingensmith*, 467 S.W.2d 193, 196 (Tex.1971). Although *McMillen* involved joint tortfeasors, the rule is not limited to that context. Thus, in *Illinois National Insurance Company v. Perez*, 794 S.W.2d 373 (Tex.App.—Corpus Christi 1990, writ de-

nied), the court held that the release of an employer for liability for the wrongful death of an employee did not release the employer's workers' compensation carrier not named in the release. In the case before us, IMC's insurers were not named in the release. Under *McMillen*, IMC's insurers were not released.

Angus cannot sue IMC's insurers in Texas for liability for which IMC has been released, but only because the release precludes the prerequisite determination of IMC's liability, not because IMC's insurers have themselves been released. In a jurisdiction where a determination of the insured's liability is not a prerequisite to an action against the insurer, and release of the insured is not an impediment to such action, Texas law does not preclude Angus from suing IMC's insurers. Like the district court, we intimate no view on whether Angus can maintain suit against IMC's insurers in Louisiana, where suit has been filed, or what law should govern that action, or whether it should succeed.

Accordingly, the Court grants Angus' application for writ of error and without hearing argument reverses the judgment of the court of appeals and remands the case to the district court for rendition of judgment for Angus consistent with this opinion. TEX. R.APP. P. 170.