NUMBER 13-10-00071-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CYNTHIA FARIAS, AS NEXT FRIEND OF VIDAL

DE JESUS FARIAS, A MINOR,                                                   
Appellant,

 

v.

 

ALLSTATE INSURANCE COMPANY AND ALLSTATE

PROPERTY AND CASUALTY INSURANCE COMPANY,               
  Appellee.

 

 



On appeal from the County Court at
Law No. 1

of Hidalgo County, Texas.

 

 



     MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Benavides

Memorandum Opinion by Chief Justice Valdez

 

            In this case, appellant, Cynthia Farias,
as next friend of Vidal de Jesus Farias, a minor (“Farias”), complains about a
summary judgment granted in favor of appellee, Allstate Insurance Company and
Allstate Property and Casualty Insurance Company (“Allstate”).  By two issues,
Farias argues that:  (1) Allstate waived its “affirmative defense” of standing;
and (2) she has standing to sue Allstate as a third-party beneficiary of the
insurance policy between Allstate and its insured.  We affirm.

I.             
Background

The dispute in this case
pertains to an incident where Farias’s eleven-year-old son was bitten by a dog
owned by Jose Ocanas, an insured of Allstate.  In her original petition, Farias
alleged the following:

On or about October 3, 2005[,] 11-year-old Vidal de Jesus
Farias was walking his family dog, a miniature schnauzer, near his home. 
Without provocation, Defendant Ocanas’ [sic] dog attacked Vidal and bit him
several times in the legs and buttocks.  Defendant Ocanas’ [sic] housekeeper
watched the whole thing and did nothing to get the dog off of Vidal even though
Vidal was screaming for help.

 

. . . .

 

Plaintiff [Farias] filed a claim with the Allstate
Defendants, the insurance companies that insure Defendant Ocanas[,] and they
have denied the claim.

 

Farias further alleged that Allstate was liable
for breach of contract, breach of the duty of good faith and fair dealing,
negligence, and violating several provisions of the Texas Insurance Code,
including sections 542.003, 542.055, 542.056, 542.057, and 542.058.[1]  See Tex. Ins. Code Ann. §§ 542.003,
542.055, 542.056, 542.057, 542.058 (West 2009 & Supp. 2010).  

            Allstate entered a general denial
denying all of the allegations contained in Farias’s original petition. 
Allstate later filed a traditional motion for summary judgment, alleging that
Farias had failed to state a cause of action under Texas law.  Specifically,
Allstate contended that Farias’s lawsuit “fails because Texas law does not
recognize a direct cause of action in a third-party scenario against an insurer
for the mishandling of a third-party claim.”  Allstate further argued that: 
(1) violations of chapter 542 of the insurance code do not apply in third-party
scenarios; (2) Farias’s breach of the duty of good faith and fair dealing
causes of action do not apply in a third-party scenario; (3) Farias cannot
maintain a breach of contract action against Allstate because there is no
privity between Farias and Allstate and because Farias is not a third-party
beneficiary; and (4) Farias’s negligence cause of action must fail because
Allstate did not owe a duty to either Farias or Vidal.  

            In her response to Allstate’s
traditional motion for summary judgment, Farias construed Allstate’s arguments
as attacking her standing to bring suit and asserted that Allstate failed to
address the “Medical Payments Coverage” clause of Ocanas’s policy in its
motion.  Farias further asserted that this clause “is a no-fault type of
insurance” and, thus, her claims are not third-party claims and she has
standing to sue as a third-party beneficiary.  In its reply to Farias’s
response, Allstate argued that Farias was not a third-party beneficiary under
the insurance contract between Allstate and Ocanas and that “[t]here is no
distinction between medical payments coverage and other insurance coverage
which entitles a third party to bring a direct action against the insurer for
denial of medical benefits payments.”    

            On June 2, 2009, the trial court
conducted a hearing on Allstate’s summary judgment motion.  After hearing
arguments from the parties, the trial court granted Allstate’s summary judgment
motion.  This appeal followed.

II.           
Standard of Review

We review the granting of
a traditional motion for summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003); Branton v. Wood,
100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.).  In a traditional
motion for summary judgment, the movant has the burden to establish that no
genuine issue of material fact exists and that he is entitled to judgment as a
matter of law.  Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002) (citing Tex. R. Civ. P.
166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979)).  “[W]e take as true all evidence favorable to the non[-]movant,
and we indulge every reasonable inference and resolve any doubts in the
non[-]movant’s favor.”  Valence Operating Co., 164 S.W.3d at 661.

            When, as in the present case, an order
granting summary judgment does not state the specific grounds on which summary
judgment was granted, we must affirm the trial court’s judgment if any of the
theories advanced are meritorious.  See W. Invs. v. Urena, 162 S.W.3d
547, 550 (Tex. 2005); Cincinnati Life Ins. Co. v. Cates, 947 S.W.2d 608,
610 (Tex. 1997); see also Rivas v. MPII, Inc., No. 13-09-00177-CV, 2011
Tex. App. LEXIS 2196, at *6 (Tex. App.–Corpus Christi Mar. 24, 2011, no pet.
h.) (mem. op.).

III.          
Analysis

A.   Farias’s Waiver
Contention

By her first issue, Farias
asserts that Allstate waived its standing “affirmative defense” by not pleading
it in its answer.  We disagree.

Standing “focuses on
whether a party has a sufficient relationship with the lawsuit so as to have a
‘justiciable interest’ in its outcome.”  Austin Nursing Ctr., Inc. v. Lovato,
171 S.W.3d 845, 848 (Tex. 2005).  Essentially, a plaintiff has standing when
she is personally aggrieved, regardless of whether she is acting with legal
authority.  See Nootsie, Ltd. v. Williamson County Appraisal Dist., 925
S.W.2d 659, 661 (Tex. 1996) (holding that the standing doctrine requires that
there be (1) “a real controversy between the parties,” that (2) “will be
actually determined by the judicial declaration sought”).  The complained-of
injury “must be concrete and particularized, actual or imminent, not
hypothetical.”  DaimlerChrysler Corp. v. Inman, 252 S.W.3d 299, 304-05
(Tex. 2008) (footnotes omitted); see Tex. Lottery Comm’n v. Sci. Games Int’l,
99 S.W.3d 376, 280 (Tex. App.–Austin 2003, pet. denied) (holding that “[t]o
establish standing, one must show a justiciable interest by alleging an actual
or imminent threat of injury peculiar to one’s circumstances and not suffered
by the public generally”); see also Elizondo v. Tex. Natural Res.
Conservation Comm’n, 974 S.W.2d 928, 932 (Tex. App.–Austin 1998, no pet.) (citing
Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (noting that the general
standard for determining whether a plaintiff has standing is whether she has
such a personal stake in the outcome of the controversy as to warrant
invocation of the court’s jurisdiction and to justify exercise of the court’s
remedial powers on her behalf)).  

Furthermore, and perhaps
most importantly with respect to this issue, standing is implicit in
subject-matter jurisdiction and cannot be waived.  See Lovato, 171
S.W.3d at 849; see also Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 443 (Tex. 1993).  As such, challenges to standing can be raised at
any time, including for the first time on appeal.  See Waco Indep. Sch.
Dist. v. Gibson, 22 S.W.3d 849, 850 (Tex. 2000).  Because the issue of
standing cannot be waived, we reject Farias’s contention that Allstate waived
the issue of standing by failing to plead it in its answer.  See Lovato,
171 S.W.3d at 849; Gibson, 22 S.W.3d at 850; Tex. Ass’n of Bus.,
852 S.W.2d at 443.  Accordingly, Farias’s first issue is overruled. 

B.  
Standing & Third-Party Beneficiary Status Under Allstate’s
Insurance Contract With Ocanas

 

By her second issue, Farias
contends that she has standing to sue Allstate as a third-party beneficiary
under Allstate’s insurance contract with Ocanas.  Specifically, she alleges
that “Medical Payments Coverage” clause of Ocanas’s policy confers
third-party beneficiary status upon her and, thus, gives her standing to sue. 

1.    The
“Medical Payments Coverage” Clause

We begin our analysis of
this issue by examining the “Medical Payments Coverage” clause of the insurance
contract between Ocanas and Allstate.  The clause provides as follows:

COVERAGE
D (Medical Payments to Others)

 

We will pay the necessary medical expenses incurred or
medically determined within three years from the date of an accident causing bodily
injury.  Medical expenses means reasonable charges for medical,
surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic
devices and funeral services.  This coverage does not apply to you or regular
residents of your household.  This coverage does apply to residence
employees.  As to others this coverage applies only:

 

1.    to
a person on the insured location with the permission of an insured.

 

2.    to
a person off the insured location, if the bodily injury:

 

a.   
arises out of a condition on the insured location or the
ways immediately adjoining.

 

b.   
is caused by the activities of an insured.

 

c.    is
caused by a residence employee in the course of the residence
employee’s employment by an insured.

 

d.    is
caused by an animal owned by or in the care of an insured.

 

(Emphasis in original.)  Farias argues that this
language expressly provides a benefit for Vidal as a third-party beneficiary
and, thus, confers standing upon her to sue Allstate for breach of contract on
behalf of Vidal.[2]

2.   
Third-Party Beneficiaries

 

A stranger to a contract
may enforce the contract as a third-party beneficiary if the parties to the
contract intended to secure a benefit to that third party and entered into the
contract directly for the third party’s benefit.  In re Palm Harbor Homes,
Inc., 195 S.W.3d 672, 677 (Tex. 2006); Stine v. Stewart, 80 S.W.3d
586, 589 (Tex. 2002); MCI Telecomms. Corp. v. Tex. Utils. Elec. Co., 995
S.W.2d 647, 651 (Tex. 1999); In re Citgo Petroleum Corp., 248 S.W.3d 769
,775 (Tex. App.–Beaumont 2008, orig. proceeding).  The person claiming to be a
third-party beneficiary must establish the existence of a contract and standing
as a third-party beneficiary.  Paragon Sales Co. v. New Hampshire Ins. Co.,
774 S.W.2d 659, 660 (Tex. 1989).  A party is presumed to contract only for its
own benefit; thus, any intent to benefit a third party must be clearly
apparent.  MCI Telecomms. Corp., 995 S.W.2d at 652; Corpus Christi
Bank & Trust v. Smith, 525 S.W.2d 501, 503-04 (Tex. 1975) (holding that
in determining whether a third party may enforce or challenge a contract
between others, it is the contracting parties’ intent that controls); In re
Bayer Materialscience, LLC, 265 S.W.3d 452, 456 (Tex. App.–Houston [1st
Dist.] 2007, orig. proceeding).  There is a presumption against, not in favor
of, third-party beneficiary agreements.  MCI Telecomms. Corp., 995
S.W.2d at 652; In re SSP Partners, 241 S.W.3d 162, 170 (Tex. App.–Corpus
Christi 2007, orig. proceeding); see Marine Creek Partners, Ltd. v. Caldwell,
926 S.W.2d 793, 795 (Tex. App.–Fort Worth 1996, no writ) (noting that
establishing a contractual third-party beneficiary claim is a difficult burden;
that courts presume that parties contracted only for themselves and not for the
benefit of third parties, unless the obligation to the third party is clearly
and fully spelled out; and that the party claiming third-party beneficiary
status will succeed or fail according to the terms of the contract).  Once some
evidence has been produced to show a contract and standing as a third-party
beneficiary, it is incumbent upon the opposing party to prove any defenses that
would limit or bar recovery by the third-party beneficiary.  See Paragon
Sales Co., 774 S.W.2d at 661.    

Here, the “Medical
Payments Coverage” clause does not specifically mention Farias or Vidal, nor
does the plain language of the insurance policy indicate that Farias or Vidal
were contemplated when Ocanas and Allstate entered into the insurance contract
so that Farias or Vidal could bring any claim directly against Allstate.  See
MCI Telecomms. Corp., 995 S.W.2d at 651 (stating that it is not enough that
a third party benefits incidentally by the performance of a contract; that the
contracting parties must have negotiated the provision with the third party
expressly in mind; and that “[a] court will not create a third-party
beneficiary contract by implication”); see also Day Cruises Mar., L.L.C. v.
Christus Spohn Health Sys., 267 S.W.3d 42, 57 (Tex. App.–Corpus Christi
2008, pet. denied) (noting that the burden is on the third party seeking to
enforce the agreement to show that the agreement was intended for that party’s
direct benefit) (citing German Alliance Ins. Co. v. Home Water Supply Co.,
226 U.S. 220, 230 (1912)).  Moreover, the Texas Supreme Court has held that “an
injured party cannot sue the tortfeasor’s insurer directly until the
tortfeasor’s liability has been finally determined by agreement or judgment.”  Angus
Chem. Co. v. IMC Fertilizer, Inc., 939 S.W.2d 138, 138 (Tex. 1997) (per
curiam) (citing Great Am. Ins. Co. v. Murray, 437 S.W.2d 264, 265 (Tex.
1969)); see Ohio Cas. Ins. Co. v. Time Warner Entm’t Co., L.P., 244
S.W.3d 885, 888 (Tex. App.–Dallas 2008, pet. denied).[3]  

The record does not reflect
that Ocanas’s “liability has been finally determined by agreement or
judgment.”  Angus Chem. Co., 939 S.W.2d at 138; see Murray,
437 S.W.2d at 265; see also Ohio Cas. Ins. Co., 244 S.W.3d at 888. 
Because Ocanas’s liability has not been finally determined by agreement or
judgment and because the language of the “Medical Payments Coverage” clause
does not overcome the strong presumption against conferring
third-party-beneficiary status to Farias, we conclude that Farias lacks
standing in this matter.  See Angus Chem. Co., 939 S.W.2d at 138;
Murray, 437 S.W.2d at 265; Day Cruises Mar., L.L.C., 267 S.W.3d
at 57 (“Christus therefore did not meet its burden in showing that the
Guarantee was intended for its benefit, and so it did not have standing to
enforce the Guarantee as a third-party beneficiary.”); Ohio Cas. Ins. Co.,
244 S.W.3d at 888; Sun Oil Co., 550 S.W.2d at 349; see also Inman,
252 S.W.3d at 304-05; Lovato, 171 S.W.3d at 848; Nootsie, Ltd., 925
S.W.2d at 661.  As a result, we cannot say that the trial court erred in
granting summary judgment in favor of Allstate. See Urena, 162
S.W.3d at 550; Grant, 73 S.W.3d at 215; Cates, 947 S.W.2d at
610.  We, therefore, overrule Farias’s second issue. 

IV.         
Conclusion

Having overruled both of
Farias’s issues, we affirm the judgment of the trial court.

 

_________________

                                                                                                Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the


2nd day of June, 2011.

 









[1] Farias also
alleged that Ocanas was negligent in the handling of the dog involved in the
attack and was strictly liable for the injuries sustained by Vidal because
Ocanas knew that the dog was vicious and dangerous.  In their appellate brief,
Allstate mentions that the dog involved in the attack was “co-owned” by Ocanas
and Jose Sepulveda.  Farias also filed suit against Sepulveda in a separate
lawsuit.  That case has been resolved.  The record reflects that Farias’s
claims against Ocanas were severed by court order on February 1, 2010, and
Allstate asserts that these claims are still pending in the Hidalgo County
district court.





[2] At the hearing
on Allstate’s summary judgment motion, Farias admitted that all of the causes
of action alleged against Allstate in her original petition hinge upon whether
the “Medical Payments Coverage” clause of Ocanas’s insurance policy with
Allstate confers third-party-beneficiary status upon her.





[3] In Ohio
Casualty Insurance Company v. Time Warner Entertainment Company, L.P., the
Dallas Court of Appeals stated the following:

 

“Texas is not a
direct action state.”  Jones v. CGU Ins. Co., 78 S.W.3d 626, 629 (Tex.
App.–Austin 2002, no pet.).  In other words, “[a] tort claimant has no direct
cause of action against the tortfeasor’s liability insurer until the
insured-tortfeasor is adjudged liable to the tort claimant.”  Id.; accord
Angus Chem. Co. v. IMC Fertilizer, Inc., 939 S.W.2d 138, 138 (Tex. 1997)
(per curiam) (“In Texas, the general rule (with exceptions not relevant here)
is that an injured party cannot sue the tortfeasor’s insurer directly until the
tortfeasor’s liability has been finally determined by agreement or judgment.”);
State Farm County Mut. Ins. Co. of Tex. v. Ollis, 768 S.W.2d 722, 723
(Tex. 1989) (“[An injured third party] cannot enforce the policy directly
against the insurer until it has been established, by judgment or agreement,
that the insured has a legal obligation to pay damages to the injured party.”).

 

            . . . .

 

There is also a
public-policy basis for the rule, which is the prevention of the conflict of
interest that could arise if a third-party claimant were permitted to sue an
insurer before obtaining judgment against the insured. . . .  We have construed
this rule as being a rule of standing.

 

244 S.W.3d 885, 888 (Tex. App.–Dallas 2008,
pet. denied); see Owens v. Allstate Ins. Co., 996 S.W.2d 207, 208-09
(Tex. App.–Dallas 1998, pet. denied) (dismissing an interpleader action brought
by a liability insurer against third-party claimants for lack of standing and
justiciability); Sun Oil Co. v. Employers Cas. Co., 550 S.W.2d 348, 349
(Tex. Civ. App.–Dallas 1977, no writ) (“[U]ntil [the insured’s] obligation is
established by a final judgment, [Sun Oil] has no standing to sue the insurers
as a third-party beneficiary.”).