# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2019

Lyle W. Cayce
Clerk

No. 18-11600
Summary Calendar

THOMAS PETTY, doing business as Tom Petty Trucking Company,

Plaintiff - Appellant

v.

GREAT WEST CASUALTY COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2526

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Having denied Plaintiff-Appellant Thomas Petty's motion seeking leave to amend his complaint, the district court dismissed Petty's action with prejudice. Finding no abuse of discretion in the district court's rulings, we AFFIRM.

Petty, a commercial truck driver, contends that, as a result of his involvement in two accidents involving fatalities, he suffers ongoing mental trauma that prevents him from being able to operate a commercial truck.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11600

Consequently, he seeks monetary relief for lost business earnings and mental distress/anguish. As set forth in the magistrate judge's October 19, 2018 Report and Recommendation, which the district court accepted, Petty, appearing pro se, filed or has attempted to file numerous amended complaints in the district court. Ultimately, however, the lower court denied Petty's last proposed amendment on grounds of futility, and, finding no viable claim had been stated, dismissed Petty's action with prejudice. Petty appealed.

We review the denial of a motion to amend that was filed under Rule 15(a) of the Federal Rules of Civil Procedure for an abuse of discretion. *Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013). "In the context of motions to amend pleadings, 'discretion' may be misleading, [however], because Fed. R. Civ. P. 15(a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir.1981)). Leave to amend must be "freely given when justice so requires." FED. R. CIV. P. 15(a). "Unless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Id*. (internal quotations omitted). Similarly, "[a] district court may deny a proposed amendment for futility–meaning the amended complaint would fail to state a claim upon which relief could be granted." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872–73 (5th Cir. 2000)). In that instance, our de novo review parallels that applicable to a dismissal under Federal Rule of Civil Procedure 12(b)(6).

Petty's experience is unquestionably tragic. Nevertheless, on the record before us, the district court did not err in rejecting Petty's final motion for leave to amend his complaint, and dismissing the action. The originally named

2

No. 18-11600

defendant, Great West Casualty Company, is the commercial automobile liability insurer for Petty's trucking company. The two accidents are alleged to have been caused by the negligence of the *other* drivers, however, not a Great West insured.

Relative to the liability insurers for the other drivers involved in the two accidents, adding the nondiverse insurers as defendants would have destroyed diversity jurisdiction. "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

Texas law generally does not authorize an injured third-party to sue a liability insurer directly in lieu of suing the tortfeasor. *In re Essex Ins. Co*, 450 S.W.3d 524, 525 (Tex. 2014) (citing *Angus Chem. Co. v. EMC Fertilizer, Inc.,* 939 S.W.2d 138 (Tex. 1997)). Rather, the tortfeasor's liability must first be finally determined by agreement or judgment. *Id. See also State Farm Cty. Mut. Ins. Co. of Texas v. Ollis,* 768 S.W.2d 722, 723 (Tex. 1989) (injured party is beneficiary of a liability insurance policy but cannot enforce the policy directly against the insurer until the insured's legal obligation to pay damages has been established by judgment or agreement). Here, the record relative to the rejected proposed amendment does not indicate that the liability of the other two drivers—the alleged insureds of the non-diverse insurance companies that Petty sought to add as additional defendants—had been finally determined by judgment or agreement.

3

No. 18-11600

And, finally, under Texas law, "a motorist owes no special duty to avoid inflicting [purely] mental anguish damages on other users of the highway." *Fitzpatrick v. Copeland*, 80 S.W.3d 297, 304 (Tex. App. 2002). Petty's proposed amendment alleges only mental anguish damages, not physical bodily injury accompanied by mental anguish damages. Texas likewise does not recognize a general legal duty to avoid negligently inflicting mental anguish. *See SCI Texas Funeral Servs., Inc. v. Nelson,* 540 S.W.3d 539, 543 (Tex. 2018); *City of Tyler v. Likes*, 962 S.W.2d 489, 494–97 (Tex. 1998); *Boyles v. Kerr,* 855 S.W.2d 593, 597 (Tex. 1993). Rather, "mental anguish damages are recoverable when certain other legal duties are breached and the plaintiff offers a minimum quantity of proof." *SCI Texas Funeral Servs.,* 540 S.W.3d at 543. As summarized in *Likes*:

> Without intent or malice on the defendant's part, serious bodily injury to the plaintiff, or a special relationship between the two parties, we permit recovery for mental anguish in only a few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result. These include suits for wrongful death, *see Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 551 (Tex.1985), and actions by bystanders for a close family member's serious injury, *see Freeman v. City of Pasadena*, 744 S.W.2d 923 (Tex. 1988).

*Likes*, 962 S.W.2d at 496.

Petty's proposed amended complaint included none of these special circumstances. Accordingly, given the numerous opportunities that Petty has had to amend his complaint to allege a legally viable claim, we find no abuse of discretion in the district court's decision to dismiss with prejudice. AFFIRMED.

4