

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00086-CV

———————————————

AMERICA SAMMOUR, Appellant

V.

JIM S. ADLER AND NATIONWIDE INSURANCE, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 20-6766-462

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

## I. INTRODUCTION

Pro se Appellant America Sammour[1] filed this appeal after the trial court granted Appellees Nationwide Insurance Company's and the law firm of Jim S. Adler's motions to dismiss pursuant to Texas Rule of Civil Procedure 91a.1. Because Sammour's appellate filing is inadequately briefed, we conclude that he presents nothing for review, and we overrule his complaints.

## II. BACKGROUND

Sammour filed a lawsuit against Nationwide, Adler, and the Texas attorney general's office in August 2020.[2] Sammour's petition and amended petition, which are both titled "Big Claims Case," alleged that his business was damaged, that appellees attempted to kill him, and that appellees had discriminated against him. Sammour requested damages in the amount of one hundred million dollars and "Stock market 89 B Dollars."

From a reading of the briefs, the trial court's hearings on appellees' Rule 91a.1 motions, and the pleadings in the clerk's record, it appears that Sammour sued

---

[1] Throughout this case, Sammour refers to himself as both "America Sammour" and "Jawdat Khader Sammour." In his appellate briefing, however, Sammour calls himself "America Sammour." Thus, we will refer to Appellant as "America Sammour."

[2] Sammour's petition referred to the "Attorney General Protect." We assume—as the attorney general did—that Sammour was referring to the Office of the Attorney General of Texas (OAG).

Nationwide, Adler, and the OAG after he was involved in a car wreck with a Nationwide insured named Mason Nash. Sammour then hired Adler to represent him in a lawsuit against the Nationwide insured. According to Adler,

> Sammour promptly negotiated an oral release of his personal injury claims against Mr. Nash with Nash's liability insurer, Nationwide, on April 3, 2017. Mr. Sammour then retained Jim S. Adler & Associates ("Adler") to prosecute those same personal injury claims on April 6, 2017. When Adler learned from Nationwide on April 10, 2017 that Sammour had already released these claims, it warned Mr. Sammour that it might have to withdraw from representing him. And after Nationwide confirmed the scope of Mr. Sammour's release agreement by providing documentation of same, Adler formally released Mr. Sammour's case back to him on May 19, 2017, without retaining an attorney fee interest or charging him for any services.

It is unclear, however, why Sammour filed suit against the OAG.

The OAG filed a plea to the jurisdiction and request to sever. The trial court granted the OAG's plea to the jurisdiction and request to sever and ordered Sammour's claims against the OAG dismissed with prejudice.

Nationwide and Adler both filed motions to dismiss under Texas Rule of Civil Procedure 91a.1. Nationwide argued that it was not a proper defendant because in Texas an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment. Accordingly, Nationwide requested that the trial court dismiss Sammour's lawsuit against it. Adler asked the trial court to dismiss Sammour's claim against it because "[n]o cause of action exist[ed] based on Mr. Sammour's allegations in law. His pleadings are totally unintelligible, fail to state a coherent claim for relief against Adler under Texas law,

3

contain no specific factual allegations, and seek nonsense relief." The trial court held hearings on each motion and subsequently granted both motions. This appeal followed.

Both Nationwide and Adler argue on appeal that Sammour waived any possible appellate issues because he failed to provide a brief that complies with the rules of appellate procedure. Adler argues that Sammour's brief is "devoid of explanation or argument as to why the trial court's judgment should be overturned." Further, Adler points out that Sammour's brief "fails to mention . . . the trial court's judgment." For its part, Nationwide states that "appellant's brief fails to provide any coherent argument or any basis why this Court should not affirm the trial court's judgment."

## III. SAMMOUR'S BRIEF

### A. Standard of Review

We are to construe briefs liberally. *See* Tex. R. App. P. 38.9. However, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.). On appeal, as at trial, a pro se appellant must properly present his case. *Karen Corp. v. Burlington N. and Santa Fe Ry. Co.,* 107 S.W.3d 118, 125 (Tex. App.—Fort Worth 2003, pet. denied).

To properly present a case on appeal, the appellant's brief must contain a clear and concise argument for the contentions made with appropriate citations to

4

authorities. *See* Tex. R. App. P. 38.1(i). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether error exists. *Karen Corp.*, 107 S.W.3d at 125.

## B. Briefing Deficiencies

Here, we note that although Sammour's thirty-page brief contains sections titled "Multiple Issues," and "Points," he fails to identify any discrete issues or points to rule upon. *See Vanderaa v. LVDVD, L.C.*, 314 S.W.3d 116, 118 (Tex. App.—El Paso 2010, no pet.) (holding that an appellate brief must state concisely all issues or points presented for review). Sammour lists his issues exactly as follows:

1. This regarding criminally injurious conduct that occurred on March 10, 2017 .arises from a stalker Attempt to murder and with an aggravated robbery with different a deadly Weapons gun, and (a knife).and sexually assault incident and family violence. The means reason? .take the land victim owner. The Crime Victims' Compensation (CVC) program, Awards Section, determined the office of the Attorney General (OAG) could award compensation for:(a) loss wages after a time crime victim; (b) loss of earning life time, disability life time, (c) relocation and housing rental and owner assistance payments; and (d) dental expenses on findings that compensation by law or rule made under law. (e) .loss of property; and (f) the all federal gov promise to give the victim Jawdat Sammour. A request for reconsideration review was processed on August 6, 2019.

2. This regarding criminally injurious conduct that occurred on April 1, 201 7, arises from second an stalker Attempt to murder with a deadly Weapon (a truck), other truck/van/car. The reason same (1) the offenders (suspects) stop the victim goes open his business in trend village. The victim issue with Jim Adler against insurance carrier Nationwide Insurance Company on April 3, 2017, the victim not accept any payment from insurance and victim return the check to his lawyer Jim Adler to deal with the answer was yes. The victim still

5

was personal injury and property damage suits. Appeals throughout the state. And Claim Lawsuit with The Crime Victims'.

See Example: (an opening): 'under Texas law, an attorney who has 'committed a crime of moral turpitude, can be suspended from the practice of law. Phyllis Locke, a Texas attorney, was arrested for possession of illicit drugs. While her case was being investigated but before she/he was prosecuted (much less Convict The state Bar of Texas suspended her law license. is an arrest without .a conviction for a crime of vehicle driven of moral. Same what attorney Jim Adler did when release all claim prosecution of personal injury and property damage suits and criminally injurious.

3. This regarding criminally injurious conduct that occurred on May 27, 2017, arises from Three an stalker Attempt to murder with a deadly Weapon (a truck), other truck/van/car, other radio and (NEVRALIKE CHIP), regarding criminally Theft evidence of I phone 6 plus. Day of crime victim May 27, 2017, the reason same (1) the offenders (suspects) stop the victim goes open his business in trund village. The victim issue Claim Lawsuit with STACY HOLT, Allstate County Mutual Insurance Company. And Claim Lawsuit with The Crime Victims'.

4. This regarding criminally injurious conduct that occurred on August 2, 2017, arises From physical injury or harm official notice adult victims of family violence Dallas police department. Report with Carrollton Police Department missing family member. Reason the all crime victims Happen and the federal government setup NEVRALIKE CHIP for making victim suicide.

5. This regarding criminally injurious conduct that occurred on September 29, 2020, arises from Burglary motor vehicle legal document land property and court evident for the cases under the colony police report number #2020-14361 officer K. Wellece #433. Reason making victim suicide's and torture.

6. This regarding criminally injurious conduct that occurred on October I, 2020, arises from Blackmail with call phone private number attempt to murder and open camera. Under the colony police report number #2020-15124 Officer C. Mulleus#471 reason making victim suicide's and torture and Blackmail.

7. This regarding criminally injurious conduct that occurred on January 5, 2021, arises from attempt to murder by victim vehicle tire name the tire Federal. Accident Cost Flip the vehicle under the colony police report number #2021-599 officer RJ Roberts #419

1. Reason making victim suicide's and torture and Blackmail and murder.

8. This regarding criminally injurious conduct that occurred on July 25, 2021, arises from all Bill Bond by federal government payments under the colony police report number #2021-13120 officer Marc Hamm #283.reasons pay all promises there give to victim as gift for the land he owner Judea 00-00-00[.]

Sammour lists his points as follows:

Write a statement under the penalty of perjury
(2) A written declaration means the following statement: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true," followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in.

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (9/1/2021).
"Under penalties of perjury, I declare that I have read the forego (Federal gov Bill Bond (promises) and that the facts stated in it are true."
_AMERICASAMMOUR_ (Signature)

I) The important point is the penalty for insurance companies, Teamwork is a group of all pay medical bills for all citizen of U.S.A. All provinces and territories will provide free emergency medical services, even if you don't have a government health card. Free Healthcare means that all citizens receive health care at no cost or a very minimal. There is no defense to discuss this punishment this is an order. We have more defendants insurance in this crime to work on this cases

The burden of identifying his issues or points is Sammour's, not ours. *See Baish v. Allen*, No. 02-17-00146-CV, 2019 WL 1284900, at *1 (Tex. App.—Fort Worth

7

Mar. 21, 2019, no pet.) (mem. op.) ("Identifying and determining the number of issues [appellant] is presenting puts us in the precarious position of possibly over-advocating or under-advocating on his behalf when, as a neutral adjudicator, we should not be advocating for any party at all."); *Heredia v. Zimprich*, 559 S.W.3d 223, 229 (Tex. App.—El Paso 2018, no pet.) ("While substantial compliance with the briefing rules is acceptable when determining whether a brief complies with Rule 38.1, the burden remains on the [appellants] to assign error and brief the issues they wish to have reviewed on appeal."); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) (noting that the appellant's brief was "so inadequate that we would have to make her legal arguments for her" and that pro se litigants are held to the same standards as licensed attorneys). Sammour's listed issues and points are incomprehensible. Even construing his brief liberally, we are unable to decipher any alleged legal bases to reverse the trial court's orders.

Because Sammour failed to properly identify any legal issues or points in his appellate brief, we conclude that it is inadequately briefed and presents nothing for this court to review. *See* Tex. R. App. P. 38.1(i).

## C. Dismissal of Sammour's Lawsuits

Even if Sammour had adequately briefed the Rule 91a.1 issues on appeal as to the dismissals of his lawsuits against Nationwide and Adler, such issues would lack merit. Rule 91a.1 provides that a cause of action should be dismissed if it "has no

basis in law." Tex. R. Civ. P. 91a.1. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.*; *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding).

Nationwide correctly argued that it was an improper party to Sammour's lawsuit[3] because Texas is not a direct-action state; therefore, Sammour had no cause of action against it. *See In re Essex Ins. Co.* 450 S.W.3d 524, 525 (Tex. 2014); *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997). An injured party cannot sue a tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment. *Angus Chem. Co.,* 939 S.W.2d at 138; *see also Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009) (per curiam) ("The plaintiffs sued only Dr. Aviles; they could not sue his insurer under the Texas rules barring direct actions.") (citing *Angus Chem. Co.*, 939 S.W.2d at 138). Nationwide's client's liability had not been finally determined by agreement or judgment. Accordingly, we agree that Nationwide was an improper party to this lawsuit, and the trial court did not err in dismissing Sammour's lawsuit against Nationwide.

---

[3]During the hearing on Nationwide's motion to dismiss, Nationwide also pointed out that it could not "ascertain by [Sammour's] own handwriting what the cause of action is or the date. He fails to state a lot of essentials that's required of a pleading, stating discovery control level, the date of the incident or cause of action, the nature of the cause of action, and damages."

Additionally, the trial court did not err in dismissing Sammour's lawsuit against Adler. As Adler pointed out in his motion to dismiss, Sammour's "pleadings are totally unintelligible, fail to state a coherent claim for relief against Adler under Texas law, contain no specific factual allegations, and seek nonsense relief." We agree. It is impossible for us to discern the facts of Sammour's petition. In the petition's section titled "Plaintiff's claim is based on the following," Sammour mentions "attempt at me 3 Times," "suicide 2 Times," and "taking to me with the (vioces)." We agree that Sammour's amended petition fails to give "fair and adequate notice of the facts upon which the pleader bases his claim" and was therefore properly dismissed.[4] *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982).

## IV. CONCLUSION

To the extent that Sammour raised the issue of the trial court's dismissal of his lawsuit against Nationwide and Adler, we overrule it as inadequately briefed. We also overrule Sammour's three motions that we carried during the pendency of this appeal: (1) "Motion Involuntary Dismissal in Civil Cases," (2) "Motion Reasonably Explaining the Failure to File a brief," and (3) "Motion A Restricted Appeal Order." We affirm the trial court's judgment.

---

[4]We also note that after Adler learned that Sammour had released Nationwide's client from liability, Adler released Sammour as a client without retaining a fee interest. A release extinguishes a claim or cause of action and bars recovery on the released matter. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). Because Sammour released his claim against Nationwide's client, Sammour did not have a cause of action for Adler to pursue on Sammour's behalf.

/s/ Dana Womack

Dana Womack
Justice

Delivered: March 31, 2022