**Vacated and Dismissed and Opinion filed March 12, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00313-CV

---

### UNITED FIRE LLOYDS, Appellant

### V.

### HOPE TIPPIN O/B/O LACAMBRIA TIPPIN, A MINOR, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 920228-101**

---

## O P I N I O N

In this appeal from a final summary judgment in favor of appellee Hope Tippin o/b/o LaCambria Tippin, a minor, (collectively, "Tippin") appellant United Fire Lloyds ("UFL") asserts that the trial court erred in granting Tippin's summary-judgment motion and denying UFL's cross-motion for summary judgment. Because we conclude that Tippin's claim against UFL was not ripe for review, we vacate the trial court's judgment and dismiss this case.

## BACKGROUND

On December 12, 2007, Hope Tippin's daughter, LaCambria, a minor, was allegedly injured on the premises of a Golden Corral Restaurant in Baytown, Texas ("Golden Corral").[1]  On June 11, 2008, Hope, on behalf of LaCambria, sued Golden Corral under a theory of negligence for LaCambria's alleged slip and fall injury.  She sought costs of past and future medical care; damages for past and future physical pain and mental anguish; and damages for past and future physical impairment or disfigurement.  Golden Corral forwarded the suit to its insurer, UFL, which received it sometime in July 2008.  Golden Corral answered on July 25, asserting a general denial and the affirmative defense that "the acts or omissions of [Tippin] were the sole proximate cause or a proximate cause of the damages in question, if any."

On October 29, 2008, Tippin filed medical records and bills in response to requests for disclosure from Golden Corral.  These medical records and bills established that Tippin had incurred medical expenses in the amount of $4,327.98 by that date, all allegedly related to LaCambria's fall at Golden Corral on December 7, 2007.  Proceedings and discovery continued in the lawsuit.

On June 17, 2010, Tippin's counsel sent a letter to UFL, including copies of the medical bills described above.  On July 21, 2010, Tippin's counsel sent another letter to UFL in which he made a demand for payment under the "Medical Payments" portion of the UFL insurance policy issued to Golden Corral.  UFL's litigation supervisor, Tom Miller, responded on July 22, denying the claim:

> The policy requires that a claim for expenses under the Medical
> Payments portion of the policy be "reported to us within one year of

---

[1] The legal name of the entity Tippin sued is "Baytown Corral LLC d/b/a Golden Corral Restaurant."  For ease of reference, we will continue to refer to this entity as Golden Corral.

the date of the accident". Our first report of any [M]edical Payments claim regarding this incident was your letter dated July 21, 2010. Therefore we must decline payment under that portion of the policy.

After receiving this denial, Tippin amended her petition to join UFL as a party to her suit against Golden Corral. She added a claim against UFL for breach of contract for UFL's failure to pay "Med Pay Damages."

UFL answered, asserting a general denial; a verified denial that Tippin was not entitled to recover in the capacity in which she sued, a defect of parties, and a lack of notice; and the affirmative defenses of lack of standing and limitations, failure to meet conditions precedent, and failure of consideration. UFL sought to sever the breach-of-contract claim against it from the negligence claim against Golden Corral and also moved to dismiss the claim against it for lack of subject-matter jurisdiction. The trial court denied the motions and ordered the parties to mediation. Mediation was either unsuccessful or did not occur. UFL filed a second motion to dismiss and a no-evidence summary-judgment motion, in which it asserted that Tippin had improperly joined UFC in her suit against its insured, Golden Corral. Both of these motions were denied by the trial court.

Tippin filed a traditional motion for summary judgment on April 16, 2011. In this motion, she asserted she had standing to sue UFL as a third-party beneficiary under the no-fault medical payments provision of Golden Corral's insurance policy. She argued that UFL had received multiple written notices within one year of the accident of her claim for medical bills, pointing to the initial letters she had sent to Golden Corral, the filing of the lawsuit against Golden Corral, several discovery responses provided to Golden Corral, and the deposition of UFL's litigation supervisor. Tippin argued that she was entitled to attorney's fees for prosecution of her breach-of-contract claim and attached an affidavit from her counsel establishing her reasonable and necessary attorney's fees.

3

UFL filed a response to Tippin's summary-judgment motion, combined with a cross-motion for summary judgment and a motion to reconsider the trial court's denial of its no-evidence summary-judgment motion. In this motion, UFL asserted that Tippin lacked standing to bring her breach-of-contract claim, she was not a third-party beneficiary to its insurance agreement with Golden Corral, and her claims were barred by (a) her impermissible joinder of UFL into her tort suit against Golden Corral under Texas Rule of Civil Procedure 38(c),[2] and (b) her election of remedies, *i.e.*, her decision to sue Golden Corral for negligence for the same incident.

On December 29, 2011, the trial court granted Tippin's summary-judgment motion in this severed case, awarding her $4,327.98 in damages and $8,750.00 in attorney's fees.[3] The judgment provides, "This judgment finally disposes of all claims . . . against Defendant, UFL and is a Final Judgment as to defendant United Fire Lloyds (UFL)." UFL filed a motion to modify, correct, or reform the judgment, reiterating the arguments it raised in its cross-motion for summary judgment. It also sought modification of the trial court's judgment to clarify that its cross-motion had been denied. On April 2, 2012, the trial court signed a modified final judgment, reflecting denial of UFL's cross-motion. From this judgment, UFL timely appealed.

## ANALYSIS

Here, we first must consider the trial court's jurisdiction, as well as our own. Subject matter jurisdiction is never presumed and cannot be waived. *Tex. Ass'n of*

---

[2] This rule provides that a plaintiff may not join a liability insurance company in a tort case, "unless such company is by statute or contract liable to the person injured or damaged." Tex. R. Civ. P. 38(c).

[3] That same day, the trial court granted Tippin's previously filed motion to sever, ordering UFL severed from the original cause of action between Tippin and Golden Corral.

*Bus. v. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). As part of its first issue, UFL asserts that the trial court erred in granting Tippin's summary-judgment motion because she lacked standing to sue for breach of contract. However, we view this issue more precisely as one of ripeness.

Much like standing, ripeness implicates subject-matter jurisdiction and emphasizes the need for a concrete injury for a justiciable claim to be presented. *Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439, 442 (Tex. 1998). Standing focuses on who may bring an action, while ripeness examines when that action may be brought. *See id.* In evaluating ripeness, we consider whether, when the lawsuit was filed, the facts were sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote. *Robinson v. Parker*, 363 S.W.3d 753, 755 (Tex. 2011). "A case is not ripe when its resolution depends on contingent or hypothetical facts, *or upon events that have not yet come to pass*." *Patterson*, 971 S.W.2d at 443. (emphasis added). A claim need not be ripe at the time of filing, as long as the party demonstrates a reasonable likelihood that the claim will soon ripen. *See Robinson*, 363 S.W.3d at 755. When a case is not ripe at the time it is filed or demonstrably likely to soon ripen, it must be dismissed. *See id.*; *Patterson*, 971 S.W.2d at 442–43.

In Texas, an injured party generally cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment.[4] *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex.

---

[4] Tippin asserts that despite this general bar on direct action against insurance companies, she may directly sue UFL under the no-fault Medical Payments provision of the commercial general liability ("CGL") insurance policy between Golden Corral and UFL. Tippin contends that this policy provision is intended to directly benefit persons who are injured on the premises of the insured and seek reimbursement of medical expenses. She argues that this provision permits her to sue UFL directly for breach of contract when it failed to reimburse her for LaCambria's medical expenses. But section IV of the policy, "Commercial General Liability Conditions," states, in pertinent part, "No person or organization has a right under this Coverage

5

1997) (per curiam); *Farmers Ins. Exch. v. Rodriguez*, 366 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2012, pet. filed). Here, there is no dispute that, at the time the trial court granted Tippin summary judgment against UFL, Golden Corral had not had its liability finally determined by agreement or judgment. Indeed, Tippin acknowledges in her brief, "Tippin may never have a tort judgment or recovery against Golden Corral." *See Robinson*, 353 S.W.3d at 755 (requiring a party to demonstrate a "reasonable likelihood" that a claim will soon ripen to avoid dismissal). Accordingly, we conclude that Tippin's claim against UFL is not ripe because it depends upon an event that has not yet come to pass, *i.e.*, a final determination of Golden Corral's liability by agreement or judgment. *See Patterson*, 971 S.W.2d at 443; *Rodriguez*, 366 S.W.3d at 223–24.

We therefore vacate the trial court's judgment and dismiss this case.


/s/     Adele Hedges
         Chief Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

---

Part . . . [t]o join [UFL] as a party or otherwise bring us into a 'suit' asking for damages from an insured. . . ." This language incorporates the general prohibition on joining an insurance company into a tort suit. *See* Tex. R. Civ. P. 38(c). As discussed above, Tippin amended her tort suit against Golden Corral, in which she was seeking damages from UFL's insured, to join UFL as a party. Thus, even if Tippin could sue UFL directly under the no-fault Medical Payments coverage of this policy, an issue we do not determine, the plain language of the insurance policy prevents her from doing so in the manner in which she has proceeded. Accordingly, the Medical Payments provision of the CGL policy provides Tippin no basis for overcoming the jurisdictional bar to this suit.