**Affirmed and Majority and Dissenting Opinions filed May 10, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00159-CV

---

### CHRISTOPHER AUZENNE, Appellant

### V.

### GREAT LAKES REINSURANCE, PLC, Appellee

---

**On Appeal from the Co Civil Ct at Law No 2**
**Harris County, Texas**
**Trial Court Cause No. 1056133**

---

## M A J O R I T Y   O P I N I O N

Appellant Christopher Auzenne sued appellee Great Lakes Reinsurance, PLC for injuries he sustained while on the premises of its insured, Snowflake Donuts. The trial court granted Great Lakes' motion to dismiss, ruling that Auzenne lacked standing to sue Great Lakes directly without first obtaining a judgment or settlement determining Snowflake Donuts' liability. We affirm.

## BACKGROUND

Auzenne alleges the following facts in his petition: Auzenne went to Snowflake Donuts on March 8, 2014. He slipped on a large amount of water in the restroom and fell. He was taken to the emergency room to be treated for low back pain and muscle spasms. Because of continuing pain and complications, he has had to seek further medical treatment, incurring over $4,500 in medical expenses. Snowflake Donuts was insured under a commercial policy with Great Lakes at the relevant time. Auzenne alleges that Snowflake Donuts' policy includes a "medical payments clause" requiring Great Lakes to pay medical expenses of anyone who is injured on the property regardless of fault. Auzenne sent medical bills and records to Great Lakes asking to be reimbursed under the insurance policy, but Great Lakes has not paid Auzenne any money.

On December 8, 2014, Auzenne sued Great Lakes for breach of contract and violations of the Texas Insurance Code. Auzenne has not brought a suit against or entered into a settlement agreement with Snowflake Donuts. Great Lakes filed simultaneously a motion to dismiss the lawsuit under Texas Rule of Civil Procedure 91a and its original answer. Great Lakes argued, inter alia, that Auzenne lacks standing to bring this suit. Auzenne filed a response to Great Lakes' motion to dismiss on February 2, 2015, arguing that as a third-party beneficiary he has standing to sue without first getting a determination of Snowflake Donuts' liability.

After an oral hearing on February 17, 2015, the trial court signed an order granting Great Lakes' motion to dismiss Auzenne's claims for lack of standing and awarding $1,000 in attorney's fees.

2

## ANALYSIS OF AUZENNE'S ISSUE

On appeal, Auzenne argues that the trial court erred in granting the motion to dismiss because a third-party beneficiary is not required to obtain a judgment establishing the insured's liability before bringing an action directly against the insurer to recover no-fault medical expenses insurance benefits. In response, Great Lakes contends that dismissal was proper because Auzenne's claims are precluded by Texas's no-direct-action rule and because he failed to establish his third-party beneficiary status.

### Standard of Review

Texas Civil Procedure Rule 91a allows a party to move to dismiss a cause of action on the ground that it has no basis in law or in fact. Tex. R. Civ. P. 91a.1. As specified in the rule: "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

Determinations of whether a cause of action has any basis in law and in fact are both legal questions which we review de novo, based on the allegations of the live petition and any attachments thereto. *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 183 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). In conducting our review, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. *Id.* at 183–84. We apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Id.*; *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Applying these standards, we turn to Auzenne's issue on appeal.

3

**Analysis**

The no-direct-action rule pertains to standing because there is no justiciable controversy until the liability of the insured has been established. *See Farmers Ins. Exch. v. Rodriguez*, 366 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). But the need for a determination of liability before bringing a direct action against an insurer, while often referred to as a standing issue, is more appropriately characterized and analyzed as ripeness. *See United Fire Lloyds v. Tippin ex rel. Tippin*, 396 S.W.3d 733, 735–36 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In fact, this court has characterized the issue in direct-action cases such as this in terms of ripeness rather than standing. *See id.*; *see also Rodriguez*, 366 S.W.3d at 222–23.

Much like standing, ripeness implicates subject-matter jurisdiction and emphasizes the need for a concrete injury for a justiciable claim to be presented. *Patterson v. Planned Parenthood of Houston*, 971 S.W.2d 439, 442 (Tex. 1998). Standing focuses on who may bring an action, while ripeness examines when that action may be brought. *Id.* In evaluating ripeness, we consider whether, when the lawsuit was filed, the facts were sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote. *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011). "A case is not ripe when its resolution depends on contingent or hypothetical facts, *or upon events that have not yet come to pass*." *Patterson*, 971 S.W.2d at 443 (emphasis added). Though a claim need not be ripe at the time of filing, the party must demonstrate a reasonable likelihood that the claim will soon ripen. *Robinson*, 353 S.W.3d at 755. If the party has not demonstrated that the case is likely to soon ripen, it must be dismissed. *Id.*

In Texas, an injured party generally has no direct claim against the tortfeasor's insurer until the insured tortfeasor is determined liable to the tort

claimant. *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex.1997) (per curiam); *State Farm Cty. Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex.1989) (per curiam); *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex.1969). Moreover, an injured party does not have a ripe breach-of-contract claim against an insurer until that final determination of the insured's liability has been secured. *Tippin*, 396 S.W.3d at 736. Regardless of the nature of the relief sought, a suit brought directly against an insurer before liability has been determined is subject to dismissal. *See In re Essex*, 450 S.W.3d 524, 526–28 (Tex. 2014) (per curiam) (reversing the denial of a Rule 91a motion to dismiss where claim was precluded by the no-direct-action rule).

It is undisputed that when the trial court granted Great Lakes' motion to dismiss Auzenne's claims, Snowflake Donuts' obligation to pay damages to Auzenne had not been established by final judgment or agreement. In fact, Auzenne has not even sued Snowflake Donuts. Auzenne's claims against Great Lakes were not ripe when the trial court dismissed, and Auzenne did not demonstrate any likelihood that they would soon ripen. *See Tippin*, 396 S.W.3d at 735–36; *see also Farias v. Allstate Ins. Co.*, 13-10-00071-CV, 2011 WL 2175220, at *4 (Tex. App.—Corpus Christi 2011, pet. denied) (mem. op.).

Auzenne tries to distinguish the no-direct-action cases by arguing that claims under a medical payments coverage clause should be treated differently. However, Texas has consistently refused to make exceptions based on the types of claims brought or the status of the parties bringing them. *In re Essex*, 450 S.W.3d at 527 (stating that the policy reasons for the no-direct-action rule apply regardless of whether the plaintiff is seeking declaratory relief or money damages from the insurer); *Ohio Cas. Ins. Co. v. Time Warner Entm't Co., L.P.*, 244 S.W.3d 885, 888–89 (Tex. App.—Dallas 2008, pet. denied) (holding that an additional insured

under a policy could not sue the insurer for policy proceeds before the insured's liability to the entity was determined by judgment or settlement); *Rumley v. Allstate Indem. Co.*, 924 S.W.2d 448, 450 (Tex. App.—Beaumont 1996, no writ) (holding that a named insured acting as a third-party claimant did not have standing to assert extra-contractual and statutory claims against the insurer for denying and delaying payment of her claim). There is no authority indicating that the medical payments coverage clause negates the applicability of the general rule that has been applied consistently in our jurisprudence.[1]

Additionally, Auzenne asserts that the trial court erred in not taking as true his alleged third-party beneficiary status.[2] Even taking as true the allegation that Snowflake Donuts' policy includes a clause obligating Great Lakes to pay medical expenses to any party who sustains an injury on the premises regardless of fault, Auzenne has not overcome the bar to direct actions against the insurer. Courts presume that parties contract only for their own benefit, and benefits to third parties are merely incidental unless the parties entered into the contract directly for the third party's benefit. *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). Here, the policy is not in the record, and there is nothing to show the policy names Auzenne or that Auzenne was contemplated when Snowflake Donuts and Great Lakes entered into the insurance contract so that Auzenne could bring a claim

---

[1] Auzenne urges us to look to a Seventh Circuit case interpreting and applying Indiana law allowing a direct action without a prior liability determination. *See Donald v. Liberty Mut. Ins. Co.*, 18 F.3d 474 (7th Cir. 1994). In *Donald*, the federal court held that a plaintiff injured on an insured's premises was a third-party beneficiary under the insured's commercial insurance policy and had the right to enforce the no-fault medical payment provision of the commercial insurance policy. *Id.* at 481. The court interpreted Indiana's direct-action prohibition to apply to tort claims but not breach-of-contract claims. *Id.* at 479. Texas makes no such distinction.

[2] While Rule 91a requires courts to take all factual allegations in the pleadings as true, legal conclusions need not be taken as true. *Wooley*, 447 S.W.3d at 75; *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 826 (Tex. App.—Austin 2014, no pet.). Auzenne's assertion that he has third-party beneficiary status is a legal conclusion the court is not required to take as true when evaluating his pleading.

directly against Great Lakes. *See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) (stating that it is not enough that a third party benefits incidentally by the performance of a contract, that the contracting parties must have negotiated the provision with the third party expressly in mind, and that "[a] court will not create a third-party beneficiary contract by implication"). *Cf. Farias*, 2011 WL 2175220, at *3–4 (finding that the plaintiff was not a third-party beneficiary when the policy and medical payments coverage clause did not specifically name plaintiff or indicate he was contemplated when the contract was formed). Like with other insurance provisions, medical payments coverage clauses have been interpreted to neither confer third-party beneficiary status nor allow strangers to the contract to enforce the contract through direct claims. *See Farias*, 2011 WL 2175220, at *3–4. Auzenne's allegation concerning the medical payments coverage clause does not overcome the strong presumption against conferring third-party beneficiary status. *See id.*

Furthermore, even if we assume Auzenne is a third-party beneficiary to the contract, Auzenne's "rights" under such contract must have ripened into enforceable rights. *See Sun Oil Co. v. Emp'rs Cas. Co.*, 550 S.W.2d 348, 349 (Tex. Civ. App.—Dallas 1977, no writ) ("The right of a third-party beneficiary to enforce a contract is a question of substantive law, and even if the policy were deemed to inure to the benefit of an injured third-party, that would not automatically entitle appellant to enforce its provisions at this time.") (citations omitted); *Ollis*, 768 S.W.2d at 723 ("[An injured third party] cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party."). Until Snowflake Donuts' obligation to Auzenne is established by final judgment or settlement, Auzenne has no ripe claim to bring against the insurers as

a third-party beneficiary.  *See Tippin*, 396 S.W.3d at 736; *Farias*, 2011 WL 2175220, at \*4.

## CONCLUSION

Because Auzenne's pleading does not present claims with any basis in law or fact, we overrule his issue and affirm the trial court's order granting Great Lakes' motion to dismiss.  *See Weizhong*, 468 S.W.3d at 186–87.


/s/      Ken Wise
         Justice


Panel consists of Justices McCally, Wise, and Jamison.  (Jamison, J., dissenting.)