**Opinion filed July 19, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00183-CV
_____

## RANDY DURHAM, Appellant
## V.
## HALLMARK COUNTY MUTUAL
## INSURANCE COMPANY, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-137,194-A**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment in which the trial court granted Appellee's combined motion to dismiss for lack of jurisdiction and motion for summary judgment. We affirm.

Appellant originally sued Bobby Burl Straley; L&L Trucking; and Larry Eilers, individually and d/b/a L&L Trucking, after Appellant was injured in a vehicle accident. It was alleged that Straley was the driver of the truck that was involved in the accident; that L&L Trucking owned the truck; and that Eilers, individually and

d/b/a L&L Trucking, was the owner of the trucking company. In his first amended petition, Appellant added Hallmark County Mutual Insurance Company, the company that insured "Larry Eilers DBA L&L Trucking Co.," as a party to the suit. Appellant sought a declaratory judgment that Appellee owed its insured a duty to defend. Appellant also sought a declaratory judgment that the incident was "covered by the policy [written by Appellee] and not subject to any exclusions."

Appellee filed an answer in which it denied that Appellant was an insured or third-party beneficiary under the policy or was a judgment creditor of the insured. Appellee then filed a single motion denominated as "Motion for Summary Judgment and Motion to Dismiss for Lack of Jurisdiction." This motion rested on several grounds: first, that Appellant was not a named or additional insured; second, that Appellant was not an intended third-party beneficiary; and third, that Texas is not a "direct action" state and, therefore, that Appellant could not sue Appellee until he procured a judgment against the Appellee's insured. The trial court granted both parts of the motion for summary judgment and the plea to the jurisdiction; it severed and dismissed Appellee from the primary suit, and Appellant's claims against Appellee became final and appealable.

Whether a court has subject-matter jurisdiction is a question of law and is reviewed de novo. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We note that a review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a motion for summary judgment. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2002).

In his first issue, Appellant contends that the trial court erred when it granted summary judgment in favor of Appellee, because there existed a question of material fact as to whether Appellee had a duty to defend its insured. Appellant's first issue requires that this court first decide a preliminary issue: whether the trial court could

2

issue a declaratory judgment regarding Appellee's duty to defend before the insured was found liable as a result of the accident.

Appellee argues that Appellant cannot sue it unless Appellant first obtains a judgment that reflects the tortfeasor's liability. We agree. Texas is not a direct action state; rather, "the general rule . . . is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment." *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (citing *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969)). With limited exceptions, not applicable here, this rule applies equally in instances where a plaintiff seeks a declaratory judgment and where a plaintiff seeks money damages. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 526 (Tex. 2014).

Appellant argues that the Texas Supreme Court has recognized a third-party claimant's ability to participate in a declaratory judgment action. *See Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (explaining that an insurer must "either accept coverage or make a good faith effort to resolve coverage before adjudication of the plaintiff's claim" and stating that "the plaintiff may wish to participate in that litigation"); *see also State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996) ("A plaintiff who thinks a defendant should be covered by insurance may be willing to . . . assist in obtaining an adjudication of the insurer's responsibility.").

In *Griffin*, an automobile insurer brought a declaratory judgment suit in which it asked the trial court to determine that it had no duty to defend or indemnify its insured. 955 S.W.2d at 82. The insured had invoked the insurer's duty to defend him. *Id.* The court held that, under the facts in that case, the insurer's duty to indemnify was properly justiciable by declaratory judgment, even before the trial court rendered a judgment in the underlying suit. *Id.* at 83–84.

However, in 2014, the Texas Supreme Court declined to extend its holding in *Griffin* to those instances in which a *plaintiff* in the underlying lawsuit seeks to ensure that the insureds' coverage dispute is resolved prior to the adjudication of the insureds' negligence. *Essex*, 450 S.W.3d at 527. In *Essex*, the plaintiff in the underlying lawsuit sued Essex's insured for personal injuries, then added a declaratory judgment claim against Essex in which that plaintiff sought a declaration that the insurer must indemnify its insured. *Id.* at 525. The plaintiff argued that he "merely [sought] a declaration that the . . . policy cover[ed] the [insured's] liability to [the plaintiff], as opposed to a money judgment" and, therefore, that the declaratory judgment constituted an exception to the "no direct action" rule. *Id.* at 526. The court explained that allowing the plaintiff to pursue claims simultaneously against the insured—for liability—and the insurer—for coverage of that liability— would "prejudice" both parties because it would create a conflict of interest for the insurer and would require the admission of evidence of liability insurance in violation of Rule 411 of the Texas Rules of Evidence. *Id.* at 526–27. Therefore, the policy of the "no direct action" rule applied. *Id.*

We find no facts in the procedural history of, or allegations in, this case that distinguish it from *Essex*. Because a third-party claimant's claims regarding an insurer's coverage are not ripe for adjudication until a judgment is obtained establishing the insured's liability, the trial court did not err when it granted Appellee's motion for summary judgment.[1] *See id.* We overrule Appellant's first issue.

---

[1]Appellant argues that the trial court's judgment, which granted both the motion to dismiss for lack of jurisdiction and the motion for summary judgment, was erroneous because it was "paradoxical." However, matters concerning subject-matter jurisdiction, such as ripeness and standing, may be raised by a plea to the jurisdiction, as well as by other procedural vehicles such as a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000).

In his second issue, Appellant argues that the trial court erred in dismissing the case for want of jurisdiction because he is an intended third-party beneficiary as to the issue of duty to defend. In other words, Appellant argues that he had standing, as a third-party beneficiary, to bring the declaratory judgment suit.

The "no direct action" rule pertains to standing because there is no justiciable controversy until the liability of the insured has been established. *See Farmers Ins. Exch. v. Rodriguez*, 366 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). "But the need for a determination of liability before bringing a direct action against an insurer, while often referred to as a standing issue, is more appropriately characterized and analyzed as ripeness." *Auzenne v. Great Lakes Reinsurance, PLC*, 497 S.W.3d 35, 37–38 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We refer to our holding that Appellant's declaratory judgment was not ripe until the insured was finally determined to be liable to Appellee. Furthermore, if Appellee owed a duty to defend, that particular duty was owed to its insured, not to Appellant, a nonparty to the insurance contract. In any event, under the "no direct action" rule, a plaintiff in an underlying lawsuit cannot maintain a lawsuit against an alleged tortfeasor's insurer until that party has been found to be liable for damages that resulted from the activity sued upon. *See Essex*, 450 S.W.3d at 527. Accordingly, we overrule Appellant's second issue.

We affirm the judgment of the trial court.

July 19, 2018                                                      JIM R. WRIGHT

Panel consists of: Willson, J.,                        SENIOR CHIEF JUSTICE
Bailey, J., and Wright, S.C.J.[2]

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.