# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00017-CV

---

**5653.041 Acre Ranch, L.P. and John McCall, Appellants**

**v.**

**Lewis-Watkins-Farmer Agency d/b/a Watkins Insurance Group, Appellee**

---

**FROM THE 33RD DISTRICT COURT OF BURNET COUNTY**
**NO. 48524A, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

5653.041 Acre Ranch, L.P. and John McCall (collectively "the Ranch Group")
are defendants in a suit brought by Republic Lloyds ("Republic"). Acting as third-party plaintiff
pursuant to Rule 38(a) of the Texas Rules of Civil Procedure, the Ranch Group impleaded
Lewis-Watkins-Farmer Agency d/b/a Watkins Insurance Group ("the Watkins Agency") as
third-party defendant. The Watkins Agency moved to dismiss the third-party action pursuant to
Rule 91a of the Rules of Civil Procedure. The trial court granted the Watkins Agency's motion,
dismissed the Ranch Group's third-party action, and awarded attorney's fees to the Watkins
Agency. In this appeal, the Ranch Group asserts that the trial court erred in dismissing its
third-party action, in considering evidence outside its third-party petition, and in awarding the
Watkins Agency attorney's fees. Concluding that the Ranch Group's third-party action was

not ripe, we will vacate the trial court's order and dismiss the cause for lack of subject matter jurisdiction.

**Factual and Procedural Background**

The following facts are reflected by the parties' pleadings and are undisputed: The Ranch Group owns real property in Uvalde, Texas. In 2016 the Ranch Group employed the Watkins Agency to obtain insurance to cover the various improvements and structures on the property. The Watkins Agency obtained an insurance policy from Republic. In July 2016 a fire caused extensive damage to one of the structures on the property, referred to as the "Hangar." The Ranch Group submitted a claim to Republic for the damages, and Republic subsequently paid the Ranch Group $740,000 to cover the loss. Ten months later, however, Republic asserted that the policy did not cover certain improvements to the Hangar and that, as a result, it had mistakenly overpaid the Ranch Group by approximately $500,000. Republic later sued the Ranch Group to recover that amount.

In the suit by Republic, the Ranch Group has taken the position that the insurance policy does in fact cover all the losses caused by the fire and therefore there was no overpayment by Republic. The Ranch Group impleaded the Watkins Agency, however, alleging that if it is later determined that Republic did make an overpayment, the Watkins Agency is liable to the Ranch Group for the amount of any such overpayment due to its negligence and Texas Insurance Code violations in failing to obtain adequate insurance coverage.

Pursuant to Rule 91a of the Texas Rules of Civil Procedure, which provides for dismissal of a suit that has "no basis in law or fact," the Watkins Agency filed a motion to dismiss the Ranch Group's third-party action. *See* Tex. R. Civ. P. 91a.1. The trial court granted

the motion and dismissed the Ranch Group's third-party claim. In conjunction with the dismissal, the court awarded the Watkins Agency attorney's fees pursuant to Rule 91a.7. *See* Tex. R. Civ. P. 91a.7. The court then severed the Ranch Group's third-party claim against the Watkins Agency from the remainder of the case, thereby making the dismissal of the third-party action a final judgment. The Ranch Group has perfected this appeal from the dismissal.

## Discussion

Rule 91a provides as follows in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.

Tex. R. Civ. P. 91a.1. In its Rule 91a motion, the Watkins Agency argued that the Ranch Group's third-party action has no basis in law because any injury to the Ranch Group is contingent on Republic's prevailing in its suit against the Ranch Group and therefore the Ranch Group has not yet suffered any injury or damages.

If a plaintiff has not yet suffered any legal injury from the defendant's alleged conduct, the suit is not ripe. *See Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 706 (Tex. 2021) ("Under the ripeness doctrine, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote." (quoting *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000)). A lawsuit in which the plaintiff's alleged injury is contingent or remote does not present a justiciable controversy:

3

Under the ripeness doctrine, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed "so that an injury has occurred or is likely to occur, rather than being contingent or remote." Thus the ripeness analysis focuses on whether the case involves "uncertain or contingent future events that may not occur as anticipated or may not occur at all." By focusing on whether the plaintiff has a concrete injury, the ripeness doctrine allows courts to avoid premature adjudication, and serves the constitutional interests in prohibiting advisory opinions. A case is not ripe when determining whether the plaintiff has a concrete injury depends on contingent or hypothetical facts, or upon events that have not yet come to pass.

*Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000) (footnotes omitted) (quoting *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998)); *accord Southwest Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020).

The Ranch Group's Rule 91a motion did not specifically assert an absence of jurisdiction. Nonetheless, when an appellate court perceives a jurisdictional issue in a case, it is obligated to raise it on the court's own motion: "'Subject matter jurisdiction is an issue that may be raised for the first time on appeal[,] it may not be waived by the parties', and it may—indeed, must—be raised by an appellate court on its own." *American K-9 Detection Servs., LLC v. Freeman*, 556 S.W.3d 246, 260 (Tex. 2018) (footnote omitted) (quoting *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993)). Accordingly, we review the ripeness of the Ranch Group's third-party claim.

In opposition to the Watkins Agency's Rule 91a motion, the Ranch Group argued that it had suffered or might suffer two types of legal injury: (1) it might have to pay back $500,000 to Republic if Republic prevails in its suit, and (2) it had expended and was continuing to expend attorney's fees in defending against Republic's suit, for which the Watkins Agency might be liable if Republic prevails in its suit.

4

The first of these "injuries" is money the Ranch Group might have to repay Republic if Republic prevails in its suit. Citing Rule 38(a) of the Texas Rules of Civil Procedure, the Ranch Group's third-party petition alleged that, "In the unlikely event that Third-Party Plaintiffs are found liable to Republic, Watkins is or may be liable to Third-Party Plaintiffs for all or part of such liability." This alleged injury is obviously contingent on a future event that may never occur: Republic's prevailing in its suit.

The second "injury" asserted by the Ranch Group is its past and present expenditure of attorney's fees to defend against Republic's lawsuit. But any possibility that the Watkins Agency could be liable for the amount of the Ranch Group's attorney's fees in the Republic suit is likewise contingent upon Republic's prevailing in its suit against the Ranch Group. If the Ranch Group prevails in Republic's suit, any attorney's fees that it expended in defending that suit could not be attributable to any prior action by the Watkins Agency. Accordingly, this alleged "injury" is also contingent and remote. *See United Fire Lloyds v. Tippin ex rel. Tippin*, 396 S.W.3d 733, 735-36 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Thus, the "injuries" alleged by the Ranch Group in its third-party action are not the kind of concrete injuries that are necessary to establish a justiciable controversy. If a case is not ripe, the trial court lacks subject matter jurisdiction. *Southwest Elec. Power Co.*, 595 S.W.3d at 683. Accordingly, the trial court here lacked jurisdiction over the Ranch Group's third-party action and accordingly lacked jurisdiction to rule on the merits of the Watkins Agency's Rule 91a motion. *See Good Shepherd Med. Ctr., Inc. v. State*, 306 S.W.3d 825, 838 (Tex. App.—Austin 2010, no pet.). Although the trial court's order stated generally that the Ranch Group's third-party action was "dismissed," the fact that the court awarded attorney's fees to the Watkins Agency shows that the court was not ruling on the basis of a lack of subject matter jurisdiction

5

but on the merits of the Rule 91a motion. *Cf. Lexington v. Treece*, No. 01-17-00228-CV, 2021 WL 2931354, at \*19 (Tex. App.—Houston [1st Dist.] July 13, 2021, pet. filed) (mem. op.); *Dallas Cnty. Republican Party v. Dallas Cnty. Democratic Party*, No. 05-18-00916-CV, 2019 WL 4010776, at \*5 (Tex. App.—Dallas Aug. 26, 2019, pet. denied) (mem. op.).

To the extent the Ranch Group argues that Rule 38(a) creates an exception to the jurisdictional doctrine of ripeness, we reject this argument. Procedural rules cannot grant jurisdiction when it is otherwise lacking. *See* Tex. R. Civ. P. 816 ("These rules shall not be construed to extend or limit the jurisdiction of the courts of the State of Texas.").

## Conclusion

"If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause." *Diocese of Lubbock v. Guerrero*, 624 S.W.3d 563, 564 (Tex. 2021) (quoting *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985)), *cert. denied*, 142 S. Ct. 434, 211 L. Ed. 2d 255 (2021). Having determined that the trial court lacked subject matter jurisdiction over the Ranch Group's third-party action, we vacate the court's order and dismiss the third-party action (now severed into a stand-alone case), without prejudice, for lack of jurisdiction. [1]

---

[1] A dismissal based on lack of ripeness is not a ruling on the merits of the claim and therefore should be without prejudice to the case being refiled if and when the injury becomes sufficiently concrete. *See Andress v. Parker Cty. Bail Bond Bd.*, No. 07-14-00069-CV, 2015 WL 1119714, at \*3 (Tex. App.—Amarillo Mar. 11, 2015, pet. denied) (mem. op.).

_____

J. Woodfin Jones, Justice

Before Justices Triana, Kelly, and Jones*

Vacated and Dismissed for Want of Jurisdiction

Filed:   May 11, 2022

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).