**CONDITIONALLY GRANT and Opinion Filed December 22, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01164-CV**

**IN RE: GEICO COUNTY MUTUAL INSURANCE COMPANY, Relator**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-01492-E**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

A rental car company (RPI Boss Exotics) sued relator Geico on a direct action. Geico filed a 91a motion to dismiss, citing Texas's rule preventing third parties from directly suing insurers without first obtaining a judgment against the insured or an agreement with the insurer. The trial court denied the motion, and Geico filed this original proceeding.

We conclude Texas's prohibition against direct actions applies here, and that the rental car company's argument for an exception to that rule is at odds with established precedent. We therefore conditionally grant the writ.

### I. Background

According to the petition, Janet Reed rented a Dodge Challenger from Boss

Exotics in 2021.  Reed breached her rental agreement by driving over 100 mph and returning the car with cosmetic damage.  Boss Exotics sent the car for repairs and made a claim with Reed's insurer, Geico, but Geico paid only a portion of the claim. Boss Exotics sued Reed for breach of the rental agreement and Geico for insurance code violations and breach of contract.

Geico filed a 91a motion arguing that Boss Exotics' suit lacked a basis in law. According to Geico, the suit was baseless given Texas's rule barring third parties from directly suing insurers without first obtaining a judgment against the insured or an agreement with the insurer.  Boss Exotics filed an amended petition in which it argued that it should be viewed as a first-party claimant because that is how Geico had treated Boss Exotics during the claims handling process.  The trial court denied the 91a motion in an order signed on September 6, 2022.  Geico filed this mandamus petition challenging that ruling.

## II. Discussion

Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal.  *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding).  *In re Essex Insurance Co.* held that an insurer lacked an adequate remedy by appeal for the denial of its rule 91a motion on grounds of the direct-action rule, noting in part that "mandamus relief is appropriate to 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of

–2–

improperly conducted proceedings.'" 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (quoting *In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 523 (Tex. 2010) (orig. proceeding)). Based on this authority, which it cites in its petition, Geico has established it has no adequate remedy on appeal. We therefore focus our attention on whether the trial court abused its discretion by denying the 91a motion.

Turning to that question, "[c]ourts have concluded that a cause of action has no basis in law under Rule 91a in at least two situations." *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). "In the first situation, the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief." *Id.* We apply the fair-notice standard to determine whether the petition sufficiently alleges a cause of action. *Thomas v. 462 Thomas Family Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied).

"In the second situation, the petition alleges additional facts that, if true, bar recovery." *Guillory*, 470 S.W.3d at 240. "[W]hen the plaintiff's own allegations, taken as true, trigger a clear legal bar to the plaintiff's claim, the cause of action has no basis in law." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). "Dismissal is certainly appropriate when Texas has rejected the pleaded cause of action—or has rejected the viability of that action under the circumstances pleaded by the plaintiff." *Id.*; *accord Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019

WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.). The *Essex* decision falls into this latter category because there, "a plaintiff sued an insurer directly, but the pleadings showed that the plaintiff had not first secured a judgment against the insured party, [so] the Texas Supreme Court held that the claim had no basis in law: it triggered a clear legal bar in the form of Texas's 'no direct action' rule." *Reaves*, 518 S.W.3d at 609 (summarizing *Essex*, 450 S.W.3d at 525).

"In Texas, the general rule is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment." *Essex*, 450 S.W.3d at 525 (cleaned up). "A third party injured by an insured cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party." *Pain Control Inst., Inc. v. GEICO Gen. Ins. Co.*, 447 S.W.3d 893, 897 (Tex. App.—Dallas 2014, no pet.) (quoting *State Farm Cnty. Mut. Ins. Co. of Tex. v. Ollis,* 768 S.W.2d 722, 723 (Tex. 1989)). "This well-settled rule is based on sound public policy favoring prevention of the conflict of interest that could arise if a third-party claimant were permitted to sue an insurer before obtaining judgment against the insured." *Id.* at 898. "We have construed this rule as being a rule of standing." *Ohio Cas. Ins. Co. v. Time Warner Entm't Co., L.P.*, 244 S.W.3d 885, 889 (Tex. App.—Dallas 2008, pet. denied).

"[A] first-party claim is stated when an insured seeks recovery for the insured's own loss, whereas a third-party claim is stated when an insured seeks

coverage for injuries to a third party." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 17 (Tex. 2007) (internal quotations omitted). It is undisputed that the alleged loss here was borne by a third party and stranger to the policy, Boss Exotics, for damage to its vehicle, and Boss Exotics has sued the policyholder Reed for liability in connection with that loss.

The question then becomes whether Boss Exotics alleged any facts that allow it to survive what would otherwise appear to be a legal bar to its claims under the direct-action rule. Boss Exotics argues for an exception to this rule—i.e., that it should be considered a named insured, and that its claims should be viewed as first-party claims rather than third-party claims because Geico treated Boss Exotics as though it were a named insured. This argument rings of estoppel, and Boss Exotics frames it as such in its 91a response.

According to Boss Exotics, Geico treated its claims as first-party claims in various ways, which are detailed in its petition. First, Reed had her policy limits increased specifically to provide coverage for her use of Boss Exotics' vehicle. Second, Geico paid for a portion of the repairs to the vehicle and charged Boss Exotics a deductible. Third, Geico adjusters made comments that, according to Boss Exotics, showed it was processing the claim as a first-party claim.[1]

---

[1] The four alleged comments are as follows:

- A Geico damage supervisor emailed plaintiff, "Regard your inquiry [sic] on loss of revenue and diminished value these coverages would not apply with first party coverage being used."

However, we decline to create the exception Boss Exotics seeks, and we base this conclusion on several considerations. First, Boss Exotics is mainly suing Geico for bad faith under Texas Insurance Code section 541.060, and our opinion in *Texas Medicine Resources, LLP v. Molina Healthcare of Texas*, *Inc.* was precise regarding third parties' inability to assert first-party claims under this provision. 620 S.W.3d 458, 468–69 (Tex. App.—Dallas 2021, pet. granted). We noted that this provision, by its terms, applies to "unfair settlement practices with respect to *a claim by an insured or beneficiary*." *Id.* at 468 (quoting TEX. INS. CODE ANN. § 541.060(a)) (emphasis in original). We held that the third-party appellants *could not even assert first-party claims that were purportedly assigned to them* "because the overwhelming weight of persuasive authority holds that claims under chapter 541 of the Texas Insurance Code may not be assigned." *Id.* at 468–69 (collecting cases). We based this holding on the notion, shared by other courts, that "claims under chapter 541 of the Texas Insurance Code are . . . personal and punitive" and are therefore unassignable. *Id.* at 469.

Second, creating an exception is unsound on these facts because it is

- A Geico employee emailed plaintiff that "this letter is to serve as notice of your claim for Loss of Revenue and Diminished Value" and that "regarding your pursuit of Diminished Value, be advised that Diminished Value is not covered under the COLLISION coverage, per the respective contract . . . SECTION III – COVERAGE FOR DAMAGE TO YOUR AUTO."
- A Geico employee emailed plaintiff, "This letter is to communicate that it has been determined that no payments will be made related to your pursuit of Loss of Use and Diminished Value. The vehicle involved is covered under the first party Collision coverage, which is defined with the contract language below."
- After paying for part of the repairs, a Geico employee emailed plaintiff that "GIECO would be limited to $1000 for customization being first party coverage."

undisputed that Boss Exotics has sued the policyholder, Reed, as a tortfeasor, which implicates third-party liability coverage under the policy. Even named policyholders who sue for this kind of liability (i.e., claims against other policyholders) have been treated as third-party claimants and had their direct claims barred. *See Reule v. Colony Ins. Co.*, 407 S.W.3d 402, 413 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing this dynamic as a reason to hold that a plaintiff was a third-party claimant even though she paid premiums and was entitled to coverage under the policy); *Rumley v. Allstate Indem. Co.*, 924 S.W.2d 448, 450 (Tex. App.—Beaumont 1996, no writ) (holding that a named insured, who had "assumed the posture of a third-party claimant" by pursuing a claim based on another policyholder's negligence, was barred from bringing claims against the insurer under the direct-action rule). For instance, in *Ohio Casualty*, a contractor sued a subcontractor for negligently performing its work, which brought the subcontractor's liability policy into play. 244 S.W.3d at 886. We held that the contractor lacked standing to pursue a direct action against the subcontractor's liability insurers before the subcontractor's liability was established by judgment or settlement, even though the contractor was named as an additional insured on the policies. *Id.* at 889. Because the appellant was suing for a third-party liability determination against a policyholder, it was barred from bringing a direct action even though the appellant was also named as an additional insured. *See id.* This further undermines Boss Exotics' argument for an exception.

Third, because Boss Exotics has sued the policyholder, the rationale for the direct-action rule—that it would put the insurer in the impossible position of owing duties to two antagonistic parties at the same time—still applies. And creating an exception would clash with Texas law, which has rigorously enforced the direct-action rule against claimants. *See Auzenne v. Great Lakes Reins., PLC*, 497 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Texas has consistently refused to make exceptions [to the direct-action rule] based on the types of claims brought or the status of the parties bringing them.").

Consistent with the above precedent, we therefore conclude the direct-action rule applies and that Geico was entitled to dismissal based on its rule 91a motion. We conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its September 6, 2022 order denying Geico County Mutual Insurance Company's first amended rule 91a motion.

/Lana Myers/
LANA MYERS
JUSTICE

221164F.P05